In the Matter of the Worker's Compensation Claim of Franklin D. ROUTT.

**MEDICINE BOW COAL COMPANY, Appellant (Employer-Defendant),**

v.

**Franklin D. ROUTT, Appellee (Employee-Claimant).**

**No. 5435.**

Supreme Court of Wyoming.

March 6, 1981.

John A. MacPherson and Catherine L. Dirck of MacPherson, Golden, Brown & Dirck, Rawlins, signed the brief and Dirck appeared in oral argument on behalf of appellant.

Michael N. Deegan, Deputy County Atty., Carbon County, Rawlins, signed the brief and appeared in oral argument on behalf of appellee.

Before ROSE, C. J., and McCLINTOCK, RAPER, THOMAS and ROONEY, JJ.

ROONEY, Justice.

Employer-appellant appeals from an order of the district court allowing a claim of employee-appellee under the Wyoming Worker's Compensation Act and awarding compensation to appellee for permanent total disability.

We affirm.

The issues and argument presented to us by appellant concern the sufficiency of evidence to comply with the requirements of § 27–12–603(a), W.S.1977 [1] and to establish permanent total disability as defined by § 27–12–405(a), W.S.1977. [2] The standard on appeal for determining the sufficiency of the evidence was set out in *Madrid v. Norton*, Wyo., 596 P.2d 1108, 1117 (1979) as follows:

" * * * We must assume that the evidence in favor of the successful party is true, leave out of consideration entirely the evidence of the unsuccessful party that conflicts with it and give the evidence of the successful party every favorable inference which may reasonably and fairly be drawn from it. [Citations.] * * * [S]pecial findings of fact * * * must be construed liberally and favorably to the judgment. We presume that they are right and where the findings of the trial court are not inconsistent with the evidence, clearly erroneous, or contrary to the great weight of the evidence, they will not be disturbed on appeal. [Citations.] Moreover, the trial judge was present and observed at first hand the demeanor and expressions of the witnesses. We must not forget that when we examine the cold words of the transcript of testimony, we do not have the benefit of how the trial judge sees and hears the witness—the pitch of the voice, facial changes, the movement in the witness—all of which may tell a separate story, to be given credence. The conclusion of what preponderates is with the trier of fact. [Citation.] Credibility of witnesses is for the trial court. [Citations.] Appellate courts cannot try a case *de novo.* [Citation.]" See *Dyna-Drill v. Wallingford*, Wyo., 605 P.2d 1301 (1980); *Olson v. Federal American Partners*, Wyo., 567 P.2d 710 (1977).

Under this standard, the following evidence supports the findings made by the district court. Appellee was employed by appellant from March 1974 to September 17, 1978. During the first two years, he had janitor-type work; and during the other two and one half years, he was a coal crusher operator. Prior to employment by

---

1. Section 27–12–603(a), W.S.1977 provides:

"(a) The burden of proof in contested cases involving injuries which occur over a substantial period of time is on the employee to make proper proof of his claim by a preponderance of the evidence, and to also prove by competent medical authority that his claim arose out of and in the course of his employment, by showing by a preponderance of evidence that:
"(i) There is a direct causal connection between the condition or circumstances under which the work is performed and the injury;
"(ii) The injury can be seen to have followed as a natural incident of the work as a result of the employment;

"(iii) The injury can fairly be traced to the employment as a proximate cause;
"(iv) The injury does not come from a hazard to which employees would have been equally exposed outside of the employment; and
"(v) The injury is incidental to the character of the business and not independent of the relation of employer and employee."

2. Section 27–12–405(a), W.S.1977 provides:
"(a) Permanent total disability means the loss of both legs or both arms, total loss of eyesight, paralysis or other conditions permanently incapacitating the employee from performing any work at any gainful occupation for which he is reasonably suited by experience or training."

appellant, appellee worked as a laborer in various fields and enjoyed good health. The work as a coal crusher operator was in an enclosed area that was laden with coal dust which was not effectively removed by vacuum fans. On September 17, 1978, appellee became quite ill and obtained medical attention. At that time, this illness was diagnosed as heart related. Medical Doctor Ray Corbett testified that appellee was suffering from pneumoconiosis (black lung disease), which is a condition caused by breathing coal dust and silica into the lungs. He gave his expert opinion that the condition arose out of and in the course of appellee's employment with appellant. He characterized appellee's disability as total and said that pneumoconiosis is degenerative and continually worsens and that "there is no treatment." Appellee said that he suffered from a disabling shortness of breath on the slightest kind of exercise, such as walking. He complained of trouble with breathing and said that he could not sleep well because of breathing trouble. Appellee attempted to work on two occasions after leaving appellant's employ. He worked six months as a security guard and had to quit because breathing difficulty prevented him from doing the necessary walking. He worked for about a week on construction and had to quit because his breathing difficulty impaired his ability to perform the job. Appellee did not have trouble with his breathing before his employment by appellant. The trouble commenced during such employment.

Such evidence was sufficient to support the findings of the district court made pursuant to §§ 27–12–603(a), W.S.1977 and 27–12–405(a), W.S.1977, i. e. there is a direct causal link between appellee's condition and the circumstances under which the work was performed; such condition can be seen to follow as a natural incident thereof; such condition can fairly be traced to the employment as a probable cause; such condition does not come from a hazard to which appellee was equally exposed outside of employment; such condition is incidental to the character of the business; and appellee was permanently incapacitated from performing any work at any gainful occupation for which he is reasonably suited by experience or training.

Affirmed.